Scott, J.
The payee of the note in this ease, obtained from the-makers before its maturity, the sum of ten dollars, in consideration of an agreement on his part, that the time for its payment should bo extended till the fall of the following year. Now, if it *405 be claimed that the sum thus paid, when added to the legal interest payable on the note, rendered the contract usurious, and therefore void, it may *be answered that the statute does not make contracts for the payment of usurious interest wholly void, but allows the collection of interest, in such cases, at the legal rate; and directs the application of all payments of interest, in excess of. the rate allowed by law, to the discharge of the principal. And this payment of a portion of the principal, before the maturity of the note, would be a valuable consideration, sufficient to support the promise of the payee to extend the time for the payment of the residue.
Here, then, is an oral agreement, made upon a new and valuable consideration, by which the terms of a prior written contract, be 'l.ween the same parties, are varied, before broach. The parties were as competent to make the latter contract as the former. And that the second was by parol, makes no difference. McComb v. Kitridge, 14 Ohio, 348; Thurston v. Hays, 6 Ohio, St. 1; 6 Exch. 854 (Am. ed. note); 3 Met. 486, and the numerous authorities there cited. In McComb v. Kitridge the same doctrine is applied, even in the case of a note-past due.
"VYe hold, therefore, that the answer, in the court below, would have been good, as a temporary bar, against the action of the payee; and was equally available against the assignee, for the twofold reason that he acquired it after maturity, and with notice.
The judgment of the court of common pleas is reversed, and the petition of the plaintiff below dismissed without prejudice.
Brinkerhoee, C. J., and Sutliee, Peck, and Gholson, JJ., con-curred.